IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LABORER'S PENSION FUND *et al.*, | ) | |
|     Plaintiffs, | ) | Case No: 1:14-cv-00742 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| THE FORCE DEVELOPMENT GROUP, LLC., | ) ) | |
| | ) | |
|     Defendant. | ) | |

### ORDER

For the reasons stated below, Plaintiffs' unopposed motion for summary judgment [32] is granted. The clerk is directed to enter a Rule 58 judgment for Plaintiffs in the amount of $267,981.48 and terminate this case from the docket.

### MEMORANDUM OPINION

Laborer's Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen (collectively, "Plaintiffs") filed suit against The Force Development Group, LLC ("Defendant") on February 3, 2014, claiming failure to account for and timely pay employee benefit contributions and union dues. (Compl., Dkt. # 1.) This matter is before the Court on Plaintiffs' motion for summary judgment filed January 27, 2015. (Pls.' Mot. Summ. J., Dkt. # 32.)

### Facts

Defendant having failed to answer the complaint and having indicated that it will not respond to the summary judgment motion, the motion is unopposed. Accordingly, the facts

below are drawn from Plaintiffs' complaint and statement of material facts, which are deemed admitted pursuant to Local Rule 56.1. *See* N.D. Ill. L.R. 56.1(b).

Plaintiffs are multiemployer benefit plans or their administrators within the meaning of § 3 of the Employee Retirement Income Security Act ("ERISA"). (Pls.' Stmt. Material Facts, Dkt. # 34, ¶ 3.) Plaintiffs are authorized to collect contributions to the following funds: the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund ("Training Fund"); the Laborers' Employers' Cooperation and Education Trust ("LECET"); the Laborers' District Council Labor Management Committee Cooperative ("LMCC"), and the Concrete Contractors' Association of Greater Chicago ("CCA"). (*Id.* at ¶ 7.) Defendant is an Illinois company qualifying as an employer under ERISA, and is subject to a June 1, 2010 collective bargaining agreement with the Construction and General Laborers' District Council of Chicago and Vicinity labor union. (*Id.* at ¶¶ 5-6.) Subject to this collective bargaining agreement ("the Agreement"), Defendant is bound to abide by Plaintiffs' Agreements and Declarations of Trust and is thereby obligated to submit monthly reports to Plaintiffs and make contributions to Plaintiffs on behalf of covered employees. (*Id.* at ¶ 8.)

The Agreement provides that Defendant must submit each month's union dues, benefits, and reports to Plaintiffs on the tenth day of the following month. (*Id.* at ¶ 9.) Benefit contributions not received within thirty days of the due date are assessed both interest equal to 12% of the amount due and liquidated damages up to 20% of the amount due. (*Id.* at ¶ 9.) Union dues not timely submitted are assessed liquidated damages equal to 10% of the amount owed. (*Id.* at ¶ 22.) Defendant is obligated to submit its books and records to Plaintiff on demand to ensure compliance, and Defendant must maintain a $5,000.00 surety bond to guarantee payment

of wages and benefits. (*Id*. at ¶¶ 10-11.) The cost of any audit which reveals unpaid contributions is borne by Defendant. (*Id*. at ¶ 19.)

Defendant has violated its obligations under the Agreement by failing to timely and fully pay fund contributions for much of 2013 and 2014. (*Id*. at ¶¶ 12-13.)

## **Summary Judgment Standard**

A district court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute exists as to any material fact, a court must view all the evidence and draw all reasonable inferences in favor of the non-moving party. *See Weber v. Univ. Research Assoc., Inc*., 621 F.3d 589, 592 (7th Cir. 2010). Summary judgment is appropriate only if the record, taken as a whole, establishes that no reasonable jury could find for the non-moving party. *See Sarver v. Experian Info. Solutions*, 390 F.3d 969, 970 (7th Cir. 2004).

Local Rule 56.1 provides that when a nonmovant fails to file a statement of facts controverting the facts as set forth in the movant's statement, those facts shall be deemed admitted for purposes of the motion. *See* N.D. Ill. L.R. 56.1(b). Accordingly, a plaintiff may meet its factual burden through an unopposed motion for summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"). This does not, however, alter the summary judgment standard. Plaintiffs must still prove that they are entitled to judgment as a matter of law, and the fact that their motion is uncontested merely "reduc[es] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Even

where a summary judgment motion is unopposed, a reviewing court conducts "more than just a cursory review of the filings" and scrutinizes the movant's factual submissions in order to "determine that the motion is sound and within the parameters of the law." *Leal v. TSA Stores, Inc.*, No. 2:13 CV 318, 2014 WL 7272751, at *1 (N.D. Ind. Dec. 17, 2014).

## Discussion

ERISA provides that an employer subject to a collective bargaining agreement is obligated to make all contributions to a multiemployer fund that the agreement requires. *See* 29 U.S.C. § 1145. As noted above, Defendant has not responded via either an answer to the complaint or a response to the summary judgment motion. As such, the Court is justified in relying on Plaintiffs' unopposed factual submissions in determining whether Plaintiffs have met their burden under Federal Rule of Civil Procedure 56(a) of showing that there is no issue of material fact as to Defendant's liability for the contributions at issue here. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1116 (7th Cir. 1994).

Plaintiffs have submitted copies of the collective bargaining agreement and the Agreements and Declarations of Trust of the various funds on whose behalf Plaintiffs act as collectors. These documents establish that Defendant was required to make monthly contributions and union dues to Plaintiffs. Plaintiffs' audits, the penalty history of Defendant's account, and the monthly reports of hours worked by covered employees establish that Defendant failed to meet its obligations under the collective bargaining agreement. Accordingly, Plaintiffs' evidentiary submissions satisfy Plaintiffs' burden of showing liability.

There remains the issue of appropriately measuring damages. ERISA provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>     **(A)** the unpaid contributions,
>     **(B)** interest on the unpaid contributions,
>     **(C)** an amount equal to the greater of--
>         **(i)** interest on the unpaid contributions, or
>         **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>     **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>     **(E)** such other legal or equitable relief as the court deems appropriate.

29 U.S.C.A. § 1132 (West). An award of both interest on unpaid contributions and liquidated damages is appropriate in ERISA cases. *Laborers' Pension Fund v. RES Envtl. Servs., Inc.*, 377 F.3d 735, 739 (7th Cir. 2004). Subsection (E) of the damages provision allowing "other legal or equitable relief" may include the imposition of audit costs, if the employer is obligated to pay such costs under the collective bargaining agreement. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust, & the Teamsters Local Union No. 727 Health & Welfare Trust v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005) (affirming award of $10,557.02 in audit costs as proper under 29 U.S.C.A. § 1132(g)(2)(E)).

A March 2014 audit of Defendant's payments for the period of April 15, 2013 to December 31, 2013 revealed the following deficiencies in each category of obligation:[1]

| | |
|---|---|
| Welfare Fund: | $66,151.98 |
|     Liquidated Damages: | $13,230.40 |
|     Interest: | $2,805.18 |
| Pension Fund: | $47,446.09 |
|     Liquidated Damages: | $9,489.22 |
|     Interest: | $2,023.60 |
| Training Fund: | $2,356.00 |

---

[1] The audit documents Plaintiffs submit do not include amounts for liquidated damages or interest. However, the Court is satisfied that the liquidated damages and interest amounts reflected in this table accord with Defendant's obligations under the Agreement, as described above. The liquidated damages represent 20% of the outstanding liabilities for benefit contributions and 10% for union dues, and the interest claimed does not exceed 12%.

|  |  |  |
|---|---|---|
| | Liquidated Damages: | $471.20 |
| | Interest: | $96.34 |
| CCA: | | $749.46 |
| | Liquidated Damages: | $74.95 |
| | Interest: | $45.66 |
| LECET: | | $856.48 |
| | Liquidated Damages: | $85.65 |
| | Interest: | $52.17 |
| LMCC: | | $1,284.72 |
| | Liquidated Damages: | $128.47 |
| | Interest: | $78.28 |
| Union dues: | | $13,780.77 |
| | Liquidated Damages: | $1,378.08 |
| *TOTAL*: | | $162,584.70 |

(*Id*. at Ex. B-6.) The audit total above was subsequently reduced by $4,119.14 to reflect payments Plaintiffs received from third parties in December 2013 that were made on behalf of Defendant's account. (*Id*. at Ex. B-7.) In addition to the above deficiencies, Defendant owed $19,986.58 in accumulated liquidated damages for late and/or partially paid fund obligations for the periods of June 2013 to September 2013 and November 2013 to April 2014. (*Id*. at Ex. B-8.)

Delinquencies have continued to accrue during the first half of 2014 – a period not covered by the March 2014 audit – as detailed below:

|  |  |  |
|---|---|---|
| Welfare Fund: | | $34,164.32 |
| | Liquidated Damages: | $6,832.86 |
| | Interest: | $1,269.74 |
| Pension Fund: | | $24,905.08 |
| | Liquidated Damages: | $4,981.02 |
| | Interest: | $906.62 |
| Training Fund: | | $1,299.50 |
| | Liquidated Damages: | $259.90 |
| | Interest: | $47.42 |
| CCA: | | $216.84 |
| | Liquidated Damages: | $21.68 |
| | Interest: | $7.92 |
| LECET: | | $247.80 |
| | Liquidated Damages: | $24.78 |
| | Interest: | $9.05 |
| LMCC: | | $371.70 |

|  |  |
|---|---|
| Liquidated Damages: | $37.17 |
| Interest: | $13.57 |
| Union dues: | $3,824.86 |
| Liquidated Damages: | $382.49 |
| Retiree Welfare Fund: | $682.10 |
| Liquidated Damages: | $136.42 |
| TOTAL: | $80,642.84 |

(*Id.* at Ex. B, ¶ 9.) Accordingly, Defendant's total liabilities to Plaintiff reflected in the record are as follows:

|  |  |
|---|---|
| Deficiency from March 2014 audit: | $162,584.70 |
| Accumulated liquidated damages: | $19,986.58 |
| Cost of March 2014 audit: | $600.00 |
| January- June 2014 delinquencies: | $80,642.84 |
| Credit for third-party payments: | -$4,119.14 |
| TOTAL: | $259,694.98 |

In addition to this amount, Plaintiffs seek reasonable attorney's fees and costs in this action. Plaintiffs' in-house counsel testifies that she has spent 34.5 hours on this action, which at a rate of $225.00 per hour totals $7,762.50. (*Id.* at Ex. C.) The Court has examined Plaintiffs' billing records and is satisfied that the hours claimed are not excessive and the fees requested are reasonable. Expenses for this action include the $400 court filing fee and the cost of service, for a total of $524.00. (*Id.*)

Plaintiffs calculate their damages as $269,827.58. (Pls.' Mot. Summ. J., Dkt. # 32 at 2.) Defendant's total liabilities under the Agreement of $259,694.98 plus $7,762.50 in attorney's fees and $524.00 in costs yield a total damages figure of $267,981.48. It is unclear on what basis Plaintiffs add the extra $1,846.10, as nowhere in their motion for summary judgment or statement of facts do Plaintiffs itemize a full computation of all damage sources. Because the record shows Plaintiffs' entitlement to only $267,981.48, the Court awards that lower damage figure.

7

**Conclusion**

For the reasons stated above, Plaintiffs' motion for summary judgment [32] is granted. The clerk is directed to enter a Rule 58 judgment for Plaintiffs in the amount of $267,981.48 and to terminate this case from the docket.

**Date**: March 23, 2015

                                              **Ronald A. Guzmán**
                                              **United States District Judge**